```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---
JEMAL ALBRITTON,

                Plaintiff,        No. 22-cv-4512 (JGK)

    - against -              MEMORANDUM OPINION
                                       AND ORDER
LAWRENCE FREDELLA, ET AL.,

                Defendants.

---

JOHN G. KOELTL, District Judge:

    The plaintiff, Jemal Albritton, brought this action against the defendants, former state prosecutor Lawrence Fredella and various officials from the New York State Board of Parole and from the Albany Supreme and County Courts, alleging violations of his federal and state constitutional rights in connection with his parole hearings. The plaintiff filed a motion for a preliminary injunction (ECF No. 3), which seeks to enjoin the defendants from relying on allegedly erroneous information when making the plaintiff's parole determinations. None of the defendants has yet been served with the summons and complaint and with the motion for a preliminary injunction.

    The plaintiff alleges that in 2005, a jury in state court convicted him of "Criminal Possession of a Weapon in the Second Degree" and "Criminal Possession of a Forged Instrument in the Second Degree," but acquitted him on charges of "Murder in the Second Degree and Manslaughter in the First Degree." Compl., ECF

No. 2, ¶¶ 11-12; Albritton Decl., ECF No. 4, at 1. The plaintiff was "sentenced as a persistent violent felony offender" to a prison term of more than 17 years, which he is currently serving in a state facility. Id. ¶ 11. The plaintiff alleges that at his first parole hearing in September 2020, state parole officials declined to "release [him] to community supervision" in reliance on a letter from Fredella, which allegedly contained "erroneous information" related to the plaintiff's acquitted conduct. Id. ¶¶ 14-15. The plaintiff also alleges that the defendants are engaged in an ongoing conspiracy "to continually deny [the] [p]laintiff release to community supervision and parole hearings that are free from the use of erroneous information." Id. ¶ 29. He now seeks an injunction "prohibiting the [d]efendants from relying on and utilizing [the] erroneous information at any of [his] future appearances before the Board of Parole." Id. at 13, ¶ B; see also Albritton Decl. at 1.

A preliminary injunction "is one of the most drastic tools in the arsenal of judicial remedies." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007).[1] Thus, "[i]n exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all quotation marks, omissions, alterations, emphasis, and citations in quoted text.

2

the extraordinary remedy of injunction." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 24 (2008). "In general, the district court may grant a preliminary injunction if the moving party establishes (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of [the plaintiff's] claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." Monserrate v. New York State Senate, 599 F.3d 148, 154 (2d Cir. 2010). However, where a plaintiff "challeng[es] governmental action taken in the public interest pursuant to a statutory or regulatory scheme," the plaintiff cannot rely on the less rigorous "fair ground for litigation" standard, and must instead meet the higher standard of showing a likelihood of success on the merits, in addition to irreparable injury. Id.; see also Plaza Health Lab'ys, Inc. v. Perales, 878 F.2d 577, 580 (2d Cir. 1989).

In this case, the "irreparable injury" requirement is not satisfied because the plaintiff has failed to establish any imminent use of the disputed information. The parole hearing date referenced in the plaintiff's moving papers has already passed, see Albritton Decl. at 2, and the plaintiff does not identify any immediate, anticipated use of the allegedly false information as of the date of this Memorandum Opinion and Order.

In any event, issuing the preliminary injunction would be barred because such relief would unduly interfere with the conduct of the state parole proceedings. Considerations of comity and federalism typically preclude federal courts from enjoining pending state judicial or administrative proceedings when such state proceedings are both adequate to vindicate a plaintiff's federal claims and reflect strong and compelling state interests. McDonald v. Metro-North Commuter R.R. Div. of Metro. Transit Auth., 565 F. Supp. 37, 39-40 (S.D.N.Y. 1983); Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 74-75 (2d Cir. 2003) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)). In this case, the state's strong interest in the administration of its parole proceedings is plain, and state law provides a mechanism through which the plaintiff can vindicate both his state and federal claims. Except in limited circumstances not applicable here, a state inmate may pursue an administrative appeal of "all determinations made pursuant to" New York's parole statute. N.Y. Exec. L. § 259-i(4)(a). Once the administrative appeal process is complete, a plaintiff may seek judicial review of a parole determination through an Article 78 proceeding in state court. See People ex rel. Gloss v. Kickbush, 88 N.Y.S.3d 723, 724 (App. Div. 2018) ("[T]he proper avenue for [a plaintiff] to challenge the denial of parole is . . . to file

4

a CPLR article 78 petition challenging the denial of parole and, if that petition is denied, to appeal.").

Thus, concerns for comity and federalism "preclude[] federal interference at this stage of the proceedings." McDonald, 565 F. Supp. at 40. The plaintiff will have an opportunity to litigate the merits of his claims, and to seek appropriate relief, after the United States Marshals have served the defendants and after the defendants have responded to the complaint.

## CONCLUSION

The plaintiff's motion for a preliminary injunction is **denied.** The Clerk is respectfully directed to close ECF No. 3, to mail a copy of this Order to the pro se plaintiff, and to note such mailing on the docket.

**SO ORDERED.**

Dated:   New York, New York
         December 15, 2022

_____
John G. Koeltl
United States District Judge