```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------
JEMAL ALBRITTON,

                        Plaintiff,          No. 22-cv-4512 (JGK)

         - against -               **MEMORANDUM OPINION AND ORDER**

LAWRENCE FREDELLA, ET AL.,

                       Defendants.
------------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Jemal Albritton, brought this action against the defendants, former state prosecutor Lawrence Fredella and various officials from the New York State Board of Parole and from the Albany Supreme and County Courts, alleging violations of his federal and state constitutional rights in connection with the conduct of his state parole hearings. The plaintiff now moves for reconsideration of this Court's December 15, 2022 Memorandum Opinion and Order ("December 15, 2022 Opinion"), ECF No. 17, which denied the plaintiff's request for a preliminary injunction barring the defendants from relying on allegedly false information when making the plaintiff's parole determinations. For the reasons below, the plaintiff's motion for reconsideration ("Motion"), ECF No. 32, is **denied**.[1]

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

Preliminarily, the plaintiff's Motion is untimely. Pursuant to Local Rule 6.3, a motion for reconsideration of an order must be filed within 14 days of the entry of that order. See S.D.N.Y. Local Civil Rule 6.3. In this case, then, the time to move for reconsideration was December 29, 2022. However, the plaintiff's Motion was postmarked February 3, 2023, see Motion at 59, and docketed on February 14, 2023, long after the deadline to move for reconsideration had passed. And, "[a]s numerous cases from [courts in] this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion." McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (collecting cases).[2]

---

[2] The plaintiff attempts to bring his Motion under Federal Rule of Civil Procedure 60(b), which, if applicable, would have given the plaintiff more time to seek reconsideration. See Fed. R. Civ. P. 60(c) (a "motion under Rule 60(b) must be brought within a reasonable time" and, in some instances, "no more than a year after the entry of the judgment or order"). However, by its express terms, Rule 60(b) "only applies to the reconsideration of a final judgment, order or proceeding." Fennell v. TLB Kent Co., 865 F.2d 498, 501 (2d Cir. 1989) (emphasis in original). And because the denial of a "preliminary injunction is not a final judgment," "Rule 60(b) is inapplicable." Jones v. U.S. Postal Serv., No. 20-cv-6516, 2020 WL 6554904, at *8 (S.D.N.Y. Sept. 29, 2020). Rather, "a motion to modify a preliminary injunction order is properly made pursuant to Rule 59(e), which allows for alterations of appealable judgments." Id.; see 28 U.S.C. § 1292(a)(1) (interlocutory orders denying injunctions are appealable). But the Motion here is still untimely even when construed as a motion pursuant to Rule 59(e), because such a motion would have been due by January 12, 2023. See Fed. R. Civ. P. 59(e) (motion must be made "no later than 28 days after the entry of the judgment" at issue). The plaintiff states in his motion that he did not receive a copy of the December 15, 2022 Opinion until December 22, 2022. But even if that date is used

In any event, the plaintiff's Motion fails on the merits. "The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The plaintiff here has not met that stringent standard.

First, the plaintiff devotes much of the Motion to elaborating on legal theories that have already been presented to the Court, and to advancing new theories that were available when the plaintiff filed his motion for a preliminary injunction. Compare, e.g., Albritton Preliminary Injunction Decl., ECF No. 4, at ¶¶ 4, 5-6 (raising arguments regarding New York's "record-sealing statute" and the Fourteenth Amendment), with Motion at 7-17 (reasserting and expanding on those same arguments); see also Motion at 17 (mentioning a double jeopardy theory for the first time). But "a motion for reconsideration is neither an occasion for repeating old arguments . . . nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp.

---

as the starting point to calculate the 14-day deadline (under Local Rule 6.3) or the 28-day deadline (under Rule 59(e)), the Motion remains untimely.

3

2d 17, 19 (S.D.N.Y. 2005). Moreover, because the December 15, 2022 Opinion was limited solely to the plaintiff's request for preliminary relief, the plaintiff will have an opportunity to advance these arguments in support of his claims for monetary, declaratory, and permanent injunctive relief at later stages of the action. See Compl., ECF No. 2, at 13.

Second, while the plaintiff states in his Motion that the allegedly erroneous information was used during a September 2022 parole proceeding, the plaintiff does not address the concerns for comity and federalism that counseled in favor of denying the request for a preliminary injunction.[3] As the Court explained in the December 15, 2022 Opinion, "[c]onsiderations of comity and federalism" prevent federal courts from enjoining pending state administrative or judicial proceedings where, as here, the state proceedings implicate a strong and compelling state interest and provide some mechanism for vindication of a plaintiff's federal claims. See December 15, 2022 Opinion at 4-5; see also Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 74-75 (2d Cir. 2003) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)). None of the arguments or facts presented in the Motion mitigate the concerns for comity and federalism discussed in the December 15, 2022 Opinion, which were and remain independently sufficient

---

[3] At the time the Court issued its December 15, 2022 Opinion, the September 2022 parole proceeding had already occurred.

4

to justify denial of the preliminary injunction. See McDonald v. Metro-N. Commuter R.R. Div. of Metro. Transit Auth., 565 F. Supp. 37, 40-41 (S.D.N.Y. 1983) (denying preliminary injunction motion "without reaching the . . . likelihood of success on the merits" where principles of comity and federalism "preclude[d] federal interference at th[at] stage of the proceedings"). The plaintiff has remedies in the state system for challenging the allegedly improper use of materials at his state parole hearings. See N.Y. Exec. L. § 259-i(4)(a); People ex rel. Gloss v. Kickbush, 88 N.Y.S.3d 723, 724 (App. Div. 2018).

In light of all the above, the Motion is **denied**.

## CONCLUSION

The Court has considered all of the arguments presented in the papers. To the extent not specifically addressed above, those arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion for reconsideration is **denied**.

The Clerk is respectfully directed to close ECF No. 32, to mail a copy of this Order to the pro se plaintiff, and to note such service on the docket.

**SO ORDERED.**

Dated:   New York, New York
         **February 15, 2023**

_____
John G. Koeltl
United States District Judge