UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEMAL ALBRITTON, <br><br>        Plaintiff, <br><br>-against- <br><br> LAWRENCE FREDELLA, et al., <br><br>        Defendant. | 22-CV-4512 (AS) <br><br> <u>ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

  Plaintiff Jemal Albritton, incarcerated and proceeding *pro se*, brought this action against various New York State Board of Parole officials (collectively, "State Defendants") and former state prosecutor Lawrence Fredella.[1] ECF No. 2. On April 20, 2023, State Defendants moved to dismiss the Complaint. ECF No. 38. The Court ordered Plaintiff to respond by August 1, 2023. ECF No. 53. Plaintiff mailed to the Court an opposition to the motion to dismiss and a motion for leave to file an amended complaint, attaching a proposed amended complaint. ECF No. 54. These documents were received on August 3, 2023. The proposed amended complaint adds Michael Corley, M. Soto, Demosthenes, the New York City Department of Probation, and Anna M. Bermudez as defendants.

  Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." A *pro se* plaintiff "should be afforded an opportunity fairly freely to amend his complaint." *Holmes v. Goldin*, 615 F.2d 83, 85 (2d Cir. 1980). The Court will excuse any untimeliness here given Plaintiff's status as an incarcerated, *pro se* litigant. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The "solicitude afforded to *pro se* litigants takes

---

[1] Plaintiff's Complaint also brought claims against officials in the Albany Supreme and County Courts. Those claims were transferred to the United States District Court for the Northern District of New York, *Albritton v. Fredella*, No. 22-CV-4512, 2022 WL 3598297, at *1 (S.D.N.Y. Aug. 22, 2022), and subsequently dismissed with prejudice, *Albritton v. Sullivan*, No. 22-CV-900, 2023 WL 3612840, at *2 (N.D.N.Y. May 24, 2023).

a variety of forms" including "relaxation of the limitations on the amendment of pleadings" and "leniency in the enforcement of other procedural rules"). To the extent that State Defendants believe that amendment would be futile, they can raise these arguments in a motion to dismiss the Amended Complaint, which may reference Defendants' previously-filed papers.

Accordingly, it is hereby ORDERED that:

1. The motion for leave to amend (ECF No. 54) is GRANTED. The Clerk of Court is directed to docket the Amended Complaint at ECF No. 54-1 without the exhibits.

2. The Amended Complaint is dismissed as to the Defendants identified as Jane Doe and John Doe. The Doe Defendants refer to the same Doe Defendants identified in Plaintiff's Complaint. Claims against the Doe Defendants have already been dismissed with prejudice.

3. The Clerk of Court is directed to issue an Amended Summons as to Defendants Michael Corley, M. Soto, Demosthenes, the New York City Department of Probation, and Anna M. Bermudez and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon those Defendants. If service has not been made within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service.

4. State Defendants' motion to dismiss (ECF No. 38) is DENIED as moot and without prejudice to refiling upon service of the Amended Complaint. Defendant Fredella's request for an extension of time to file an opposition to Plaintiff's motion (ECF No. 63) is also DENIED as moot.

The Clerk of Court is directed to terminate ECF Nos. 38, 54, and 64.

SO ORDERED.

Dated: September 14, 2023
New York, New York

ARUN SUBRAMANIAN
United States District Judge